### BARBAGOLLO v. FISHBIEN.

(Court of Appeals of District of Columbia. Submitted October 24, 1922. Decided February 5, 1923.)

#### No. 3797.

**1. Appeal and error ⬅️1107—Amendment of rent law held not to render appeal from decision moot.**

An appeal from a decision of the rent commission awarding possession of the premises to the landlord, who was a married woman, for her own use, over the tenant's objection that it was the duty of the landlord's husband to provide a residence for her, so that she was not entitled to possession for that purpose was not rendered moot by the amendment of District Rent Law Oct. 22, 1919, by Act May 22, 1922, under which complainants would. not be entitled to possession of the premises, since that act did not affect proceedings before the commission begun before the termination of Act Aug. 24, 1921, by virtue of a provision of section 124 of the act of 1921 and of the amending act.

**2. Landlord and tenant ⬅️278½, New, vol. IIA Key-No. Series—Married woman can recover premises for personal occupancy.**

Under District Rent Law Oct. 22, 1919, a married woman, who is the owner of rented property, may exercise all the remedies which are secured to owners under the act, in view of District Code, § 1155, and Rev. St. U. S. § 1 (U. S. Comp. St. § 1), relating to the use of the masculine gender in the statutes, and therefore can recover possession of the premises for personal occupancy.

**3. Payment ⬅️22—Check returned for want of funds is not payment of rent, extending tenancy.**

Where the check given for rent, the payment of which was relied on for an extension of the tenancy, was returned unpaid for want of. funds, proof of its delivery does not establish a payment extending the term.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Landlord and tenant** ⟨⟩278½, New, vol. IIA Key-No. Series—Tenant cannot recover attorney's fees incurred in other litigation between the parties.

In proceedings before the District rent commission, the tenant cannot recover attorney's fees and expenses incurred by her in other litigation between the parties relating to the same property, since the act authorizes the commission only to determine the sum which will reasonably compensate the tenant for any burden, loss, or unusual inconvenience in connection with his occupancy of the property.

Appeal from the Rent Commission.

Complaint by Lena Sadie Fishbien against Mrs. Johanna Barbagollo before the Rent Commission, to recover possession of leased premises. From a decision in favor of the landlord, the tenant appeals. Affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.

David Wiener and F. M. Pelzman, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This is an appeal from a decision of the Rent Commission of the District of Columbia, in a proceeding brought by a landlord for the determination of a dispute with a tenant under section 109 of the District Rents Act of October 22, 1919 (41 U. S. Stat. 298), as amended August 24, 1921 (42 Stat. 200).

On October 4, 1921, Lena Sadie Fishbien filed a complaint with the commission, alleging that she was the bona fide owner of certain rental property situate within the District, and desired and required the same for the actual and bona fide occupancy of herself, her husband, and their children; that the premises were in the possession of her tenant, Mrs. Johanna Barbagollo, whose lease had expired, and who had been duly served with a notice to quit. A dispute having arisen thereon, she prayed a determination by the commission.

The defendant filed a motion to dismiss the complaint, and also filed an answer, denying that complainant was seeking the premises in good faith for her bona fide occupancy; alleging that complainant was a married woman living with her husband, and therefore not entitled under the Rent Law to recover the possession of property for her own residence, since it was the duty of her husband to supply the same; that the defendant had paid, and complainant had received, rent for the premises beyond the time fixed by the notice to quit; that the statements of the notice to quit were insufficient; and, moreover, that defendant was entitled to recover the sum of $300 from complainant under section 113 of the Rent Law, because of expenses incurred in defending actions brought against her by complainant for the recovery of said premises.

The commission heard the issues upon evidence, and decided for the complainant. The defendant appealed. The record contains a copy of the notice to quit, and also all the evidence.

[1] In this court the appellant has filed a motion and affidavit praying the court "to reverse this appeal and send it back to the rent com-

mission," because Congress has amended the District Rent Law since the appeal was filed, to wit, on May 22, 1922 (42 Stat. 543), and under the amendment complainant would not in fact or law be entitled to recover possession of the premises. Appellant therefore claims that this case now presents no more than merely moot questions.

The various contentions of the appellant are answered as follows:

The amendment of May 22, 1922, did not set aside the decisions which the commission had already entered under the former Rent Laws, and section 124, Act of August 24, 1921, provided that any proceeding on appeal from a determination of the commission, begun before the termination of that act, might after such termination be continued in the same manner, with the same effect, as if the act had not been terminated. Accordingly the decisions upon appeal, if unreversed, would remain valid and effective. The present appeal, therefore, does not raise moot questions only.

[2] Under the District Rent Law, a married woman, who is the owner of "rental property," may exercise all the remedies which are secured to owners as such under the act. District Code, § 1155. The use of the masculine gender in the relevant provisions does not affect this rule. Section 1, U. S. Rev. Stat. (U. S. Comp. St. § 1).

The notice to quit which was served upon the appellant was sufficient, and its allegations were fully sustained by the evidence.

[3] The claim that rent was paid for an extension of the tenancy was not sustained by the evidence, since it appeared that the check whereby the alleged payment was made was returned unpaid for want of funds.

[4] The appellant's claim for an allowance of $300 was invalid, since it was for expenses, such as attorney fees, etc., incurred by her in other litigation between the parties in relation to the same property, whereas the act authorizes the commission to do no more than "determine the sum which in its judgment will fairly and reasonably compensate or reimburse the tenant" for "any burden, loss or unusual inconvenience in connection with his use and occupancy of such rental property."

The commission's decision is therefore affirmed, at appellant's costs.